**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **RINA COFINO-HERNANDEZ,** on her own behalf and on behalf of her minor son **FLC,** | |
| Plaintiffs, | CIVIL NO. 16-1366 (PG) |
| v. | |
| **COMMONWEALTH OF PUERTO RICO,** | |
| Defendant. | |

<u>**OPINION AND ORDER**</u>

After securing a favorable ruling from the Department of Education of Puerto Rico ("DOE") in administrative case number 2013-114-034, Rina Cofino Hernandez (hereinafter, the "Plaintiff" or "Cofino") filed this action against the Commonwealth of Puerto Rico on her behalf and that of her son, minor FLC, pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415 *et seq.* <u>See</u> Docket No. 1. Cofino requested in her complaint that the court enforce the ruling of the administrative forum by means of a preliminary and permanent injunction ordering the DOE to reimburse the plaintiffs for the costs associated with providing FLC with the academic and related services he is entitled to. On June 2, 2016, the parties filed a Stipulation pursuant to which the parties agreed that the DOE would pay the plaintiffs the requested amounts. <u>See</u> Docket No. 20. As a result, the court entered judgment dismissing the plaintiffs' claims.

As prevailing parties pursuant to the IDEA's attorney's fees provision, the plaintiffs also request that the DOE be ordered to pay the attorneys' fees incurred both as a result of litigating the instant case and of prosecuting their case at the administrative level. <u>See</u> Dockets No. 1, 27. The plaintiffs seek an award of $5,240 in attorney's fees. <u>See</u> Docket No. 27. The defendant's untimely opposition was stricken from the record, <u>see</u> Docket No. 35, and thus, the attorneys' fees petition stands unopposed. After review, the court **GRANTS** plaintiffs' motion for attorneys' fees for the reasons explained below.

## I.   BACKGROUND

Plaintiff Cofino is the mother and legal guardian of FLC, a minor student with disabilities under IDEA. The complaint states that as a child with educational disabilities, FLC is qualified under federal and state law to receive academic and related services provided by the public education system, which the DOE administers.[1] See Docket No. 1. On August 29, 2013, Cofino filed an administrative complaint before the DOE requesting reimbursement of the private school tuition fees they had paid. After a hearing, the DOE's administrative law judge (ALJ) ordered the DOE to reimburse FLC's parents the amounts paid for the educational services the minor had received so far during the 2013-2014 academic year, as well as for the purchase of services for the remainder of the academic year. See id. at ¶¶ 25-27.

The DOE did not comply with the ALJ's order. As a result, the plaintiffs filed the above-captioned complaint seeking its enforcement, reimbursement of the educational expenses incurred, as well as attorneys' fees under § 1415(i)(3)(B) of the IDEA. In their motion, the plaintiffs submitted invoices setting forth the hours expended by attorneys Jose Torres Valentin[2] ("attorney Torres") and Juan Nieves Gonzalez ("attorney Nieves"), calculated at an hourly rate of $100 for each attorney, for a total of $5,240 in attorneys' fees. See Docket No. 27.

## II.   DISCUSSION

### A. Attorney's Fees under IDEA

Per the so-called "American Rule," litigants must generally bear their own fees and costs absent explicit statutory authority. See Baker Botts v L.L.P. v. ASARCO LLC, 135 S.Ct. 2158, 2164 (2015); Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 602, 121 S.Ct. 1835 (2001). However, Congress has created an exception for prevailing parties in IDEA cases, authorizing an award of attorney's fees as part of the costs. 20 U.S.C. § 1415(i)(3)(B); see also Maine Sch. Adm. Dist. No. 35 v. Mr.R., 321 F.3d 9, 14 (1st Cir.2003)(noting that "Congress sometimes chooses to allow for fee-shifting in particular situations, and

---

[1] FLC is duly registered with the DOE as a child with disabilities.

[2] Attorney Torres successfully represented the minor's parents in the administrative proceedings.

it chose to do so in connection with the IDEA."). In pertinent part, IDEA provides that the court "in its discretion may award reasonable attorney's fees as part of the costs--to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B).

A party achieves "prevailing party" status under IDEA where there is (1) a material alteration of the legal relationship between the parties; (2) actual relief on the merits for the party seeking attorney's fees; (3) a judicial imprimatur on the change. See Smith v. Fitchburg Pub. Sch., 401 F.3d 16, 22 (1st Cir.2005); Doe v. Boston Pub. Sch., 358 F.3d 20, 29-30 (1st Cir.2004)(holding that the Buckhannon fee-shifting provision applies to IDEA); Rodriguez v. Puerto Rico, 764 F.Supp.2d 338, 342 (D.P.R.2011)(citation omitted); see also Davis v. District of Columbia, 71 F.Supp.3d 141, 147 (D.D.C.2014)(stating that the Buckhannon standard applies to administrative hearings under IDEA even though the relief granted is administrative and not judicial).

Here, it is undisputed that the plaintiffs obtained a favorable ruling and relief on the merits via the final resolution issued in administrative case number 2013-114-034. See Docket No. 1-7. The defendant does not challenge this allegation. See Answer to Complaint, Docket No. 11. The plaintiffs were also able to expeditiously reach an agreement in the above-captioned judicial proceedings, whereby the DOE agreed to make the requested payments to the plaintiffs. See Docket No. 20. Accordingly, the plaintiffs possess prevailing party status within the meaning of Section 1415(i)(3)(B) and an award of reasonable attorneys' fees in their favor is appropriate. The court notes, however, that "although Plaintiff's motion for attorney fees is unopposed, the Court is not relieved of its duty of making sure that the amount requested by Plaintiff is reasonable." Michel-Ramos v. Arroyo-Santiago, 493 F. Supp. 2d 249, 253 (D.P.R. 2007).

## B. Lodestar Calculation

Once the party seeking attorney's fees comes across the prevailing party threshold, the court must determine the reasonable fee. See Comm'r, INS v. Jean, 496 U.S. 154, 161, 110 S.Ct. 2316 (1990). In a fee-shifting case such as the instant one, the court follows the lodestar method for determining the reasonable amount of a fee award. See Diaz v. Jiten Hotel Management, Inc., 741 F.3d 170, 173 n. 1 (1st. Cir.2013)(citations and

internal quotation marks omitted). "The lodestar is the product of the hours reasonably worked times the reasonably hourly rate(s)." Gross v. Sun Life Assur. Co. of Canada, 763 F.3d 73, 86 (1st Cir.2014)(citation and internal quotation marks omitted). "In crafting its lodestar, the trial court may adjust the hours claimed to remove time that was unreasonably, unnecessarily or inefficiently devoted to the case … ." De Jesus Nazario v. Morris Rodriguez, 554 F.3d 196, 207 (1st Cir.2009).

The inquiry does not end there, as there are remaining considerations that may lead the district court to adjust the fee upward or downward. See Torres-Rivera v. O'Neill-Cancel, 524 F.3d 331, 336 (1st Cir.2008)(indicating that the adjustment of the lodestar itself may be based on several different factors, among which are the time and labor actually required in order to effectively handle the matter). After calculating the hours reasonably expanded on the case, the court multiplies the same by the attorney's hourly rate. See Santiago v. Commonwealth of Puerto Rico, No. 08-1832 (ADC), 2010 WL 3419985, at *2 (D.P.R. Aug. 26, 2010)(so noting). The burden falls on the party seeking relief to submit evidence justifying the fee request. Id.; see Spooner v. EEN, Inc., 644 F.3d 62, 68 (1st Cir.2011)(explaining that to meet this burden, a party is required to submit appropriate supporting documentation, which may "include[] counsel's contemporaneous time and billing records and information establishing the usual and customary rates in the marketplace for comparably credentialed counsel")(citation omitted).

### 1. Hourly Rate

The lodestar method requires that the hourly rate applied by the court be "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Tejada-Batista v. Fuentes-Agostini, 263 F.Supp.2d 321, 327 (D.P.R.2003)(quoting Blum v. Stenson, 465 U.S. 886, 895 (1984)). In identifying the reasonable hourly rate, "the court may rely upon its own knowledge of attorneys' fees in the community." Rodriguez v. International College of Business and Technology, Inc., 356 F.Supp.2d 92, 96 (D.P.R. 2005)). Similarly, the IDEA specifies that the fees awarded should be based on the prevailing community rates in which the action arose for the kind and quality of services furnished. See 20 U.S.C. § 1415(i)(3)(C).

"Because this action arose in Puerto Rico, the Court shall consider Puerto Rico to be the relevant community for purposes of determining fees." Gonzalez v. Puerto Rico, 1 F.Supp.2d 111, 115 (D.P.R.1998).

Plaintiffs propose a rate of $100 per hour for both attorney Torres and attorney Nieves. See Docket No. 27. Plaintiffs assert that said rate is reasonable and reflects the market value for the services rendered. Id. In support, attorney Nieves' statement lists several cases from this district court approving such a rate. See Docket No. 27-4.

Upon review, the court finds that the requested rate is reasonable despite the fact that attorney Nieves was not a seasoned attorney, having less than four years of experience in the practice of law at the time he filed the complaint in this case. See Hernandez-Melendez v. Puerto Rico, Civil No. 3:14-cv-01493 (JAF), 2014 WL 4260811, at *2 (D.P.R. Aug. 29, 2014)(finding hourly rate of $150 requested by attorney in IDEA case is appropriate, if not at the lower end for attorneys in the Puerto Rico community with comparable expertise and experience); Guillemard-Ginorio v. Contreras, 603 F. Supp. 2d 301 (D.P.R. 2009) (hourly rate of $215 for out-of-court work and $225 for in-court work by associate with three years of experience was appropriate in calculating attorney fee award for prevailing plaintiffs in § 1983 action); Bobe-Muniz v. Caribbean Restaurants, Inc., 76 F. Supp. 2d 171 (D.P.R. 1999) (allowing hourly rate of $105 for work by associate with less than three years of experience in calculating fee award for prevailing defendants in Age Discrimination in Employment Act (ADEA) and wrongful discharge action).

### 2. *Number of Hours*

As previously noted, the court may exclude unnecessary or redundant hours in crafting the lodestar. See De Jesus Nazario, 554 F.3d at 207. The court may also consider the time and labor required; the novelty and difficulty of the legal issues; the skill and experience of the attorney; the customary fee; the amount involved and the results obtained; and awards in comparable cases. See Gonzalez, 1 F.Supp.2d at 114 (citation omitted). On the other hand, the party seeking the award of attorney's fees must "justify [his] claim by submitting detailed time records." Rodriguez, 764 F.Supp.2d at 345 (quoting Miller v. San Mateo-Foster City Unified School Dist., 318 F.Supp.2d 851, 865 (N.D.Cal.2004)). The First

Circuit has explained that fee awards require supporting documents that set forth a "full and specific accounting of the tasks performed, the dates of performance, and the number of hours spent on each task." Weinberger v. Great Northern Nekoosa Corp., 925 F.2d 518, 526 (1st Cir.1991)(internal citations omitted). The First Circuit has further stated that "if time records are too generic then the lack of specificity can as a practical matter make it too difficult to permit a court to answer questions about excessiveness, redundancy, and the like. In that event, the court may either discount or disallow those hours." Torres-Rivera v. O'Neill-Cancel, 524 F.3d 331, 336 (1st Cir.2008).

In the instant case, attorney Torres billed a total of 35 hours for representing the plaintiffs at the administrative forum. On the other hand, attorney Nieves billed a total of 17.4 hours for representing the plaintiffs in this district court. The sum of the total hours the attorneys billed amounts to 52.4 hours for representing the plaintiffs in both her administrative claim and her federal complaint.

After an exhaustive review of the attorneys' invoices, the court finds they are neither excessive or duplicative. On the contrary, the attorneys made adequate and efficient use of their time, as it stems from the invoices. Considering the procedural background of the case and the results obtained, the court finds that the entries in question are more than reasonable. Moreover, after reviewing the invoices on record, the court concludes that they are sufficiently detailed as to meet the plaintiffs' burden. As such, no downward adjustments are unnecessary.

### III.   CONCLUSION

For the reasons stated above, the court hereby **GRANTS** plaintiffs' petition for attorneys' fees and expenses (Docket No. 27). Plaintiffs are awarded **$5,240** in attorneys' fees - $3,500 for attorney Torres' work, and $1,740 for attorney Nieves' work.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, February 2, 2017.

S/ JUAN M. PÉREZ-GIMÉNEZ
**JUAN M. PEREZ-GIMENEZ**
**SENIOR U.S. DISTRICT JUDGE**